# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

J.R. RUSHING

    Debtor.

Case No.: 3-09-bk-02613-PMG

Chapter 11

## DEBTOR'S APPLICATION, PURSUANT TO 11 U.S.C. § 327(a) AND FED.R.BANKR. P. 2014 AND 2016, FOR APPROVAL OF EMPLOYMENT OF THE LAW OFFICES OF MICKLER & MICKLER AS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND FOR APPROVAL OF EARNED ON RECIEPT RETAINER

J.R. Rushing, an individual (the "Debtor"), pursuant to 11 U.S.C. §327(a), Fed.R.Bankr.P. 2014(a) and 2016, file this, its *Application for Approval of Employment of the Law Offices of Mickler & Mickler* ("Mickler & Mickler") *as Counsel for the Debtor Nunc Pro Tunc to the Petition Date and Approval of the Earned on Receipt Retainer* (the "Application"), seeking approval of the Debtor's employment of Mickler & Mickler to represent the Debtor as general counsel in this Chapter 11 bankruptcy case, and as support therefor, says:

### Jurisdiction

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

### Background

2. On the date hereof (the "Petition Date"), the Debtors commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is operating its business and managing their affairs as debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor's business operations include:

Operation of certain rental properties in the Jacksonville Beach area.

**Relief Requested and Basis Therefor**

6. The Debtor believes that it is in the best interest of the estate to retain Mickler & Mickler as its general counsel in this Chapter 11 bankruptcy case.

7. The Debtor believes that the attorneys of Mickler & Mickler are qualified to practice before this Court and are well qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

8. The professional services that Mickler & Mickler will render include, but are not limited to, the following:

    a. To give advice to the Debtor with respect to its powers and duties as debtor-in-possession and the continued management of its business;

    b. To advise the Debtor with respect to their responsibilities in complying with the US Trustee's Operating Guidelines and Reporting Requirements and with the Local Rules of this Court;

    c. To prepare motions, pleadings, orders, applications, disclosures statements, plans of reorganization, commence adversary proceedings, and prepare other such legal documents necessary in the administration of this case;

    d. To protect the interest of the Debtor in all matters pending before the Court; and

    e. To represent the Debtor in negotiations with their creditors and in preparation of the disclosure statement and plan of reorganization;

## Authority for Relief

9. A debtor-in-possession, with Court approval, is permitted to employ one or more attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C.§327(a).

10. To the best of the Debtor's knowledge, except as disclosed in the *Affidavit of Brett A. Mearkle in Support of Debtor's Application for Approval of Employment of Mickler & Mickler as Counsel for the Debtors Nunc Pro Tunc to the Petition Date* ("Mearkle Affidavit"), Brett A. Mearkle, Esq., Bryan K. Mickler, Esq. and Albert H. Mickler, Esq.[1] have no connection with the creditors or other parties in interest. As set forth in the Mearkle Affidavit, to the best of Brett Mearkle's knowledge, neither he nor do the attorneys of Mickler & Mickler represent any interests adverse to the Debtor.

11. Attached to this Application is the Mearkle Affidavit containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure demonstrating that under the circumstances giving rise to this Chapter 11 bankruptcy case, Mr. Mearkle and the attorneys of Mickler & Mickler are "disinterested" as required by Section 327(a) of the Bankruptcy Code. Also attached to this Application is the application of the Debtor to this Court requesting an order approving retention of Mickler & Mickler as general counsel for the Debtor.

12. Mickler & Mickler will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on account of representing the Debtor in this Chapter 11 bankruptcy case.

---

[1] Messrs. Mickler, Mickler and Mearkle include all attorneys at Mickler & Mickler.

13. Prior to the Petition Date, the Debtor and Mickler & Mickler agreed to a minimum fee for representation, subject to Court approval, in this Chapter 11 bankruptcy case (the "Retainer"). That Retainer is $15,000.00.

14. $13,961.00 has been paid, and Mickler & Mickler acknowledges receipt of the Retainer, and that $1,039.00 was paid on behalf of the Debtor for the required $1,039.00 filing fee required to commence this Chapter 11 bankruptcy case. The Debtor and Mickler & Mickler intended and agreed, when it entered into the retainer agreement ("Retainer Agreement"), that the Retainer is "earned on receipt," and will be handled in accordance with *In re Craig*, 265 B.R. 624 (Bankr. M.D. Fla. 2001).

[THIS SPACE INTENTIONALLY LEFT BLANK]

## Notice

15. Notice of this Application has been provided to the Orlando Division of the US Trustee through the CM/ECF bankruptcy filing system. The Debtor submits that, in light of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully request the entry of an order approving the Debtor's employment of Mickler & Mickler as general counsel to the Debtor in this Chapter 11 bankruptcy case *nunc pro tunc* to the Petition Date and the Retainer as earned-on-receipt pursuant to the terms set forth herein, and granting the Debtor such other and further relief as this Court deems just and proper.

THE LAW OFFICES OF MICKLER & MICKLER

Submitted By: /s/ Brett A. Mearkle
Bryan K. Mickler
Florida Bar No. 091790
Brett A. Mearkle
Florida Bar No. 644706

5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822
(904) 725-0855 facsimile
bkmickler@planlaw.com
bmearkle@planlaw.com

*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished electronically to the U.S. Trustee via the CM/ECF system on April 5, 2009 in accordance with Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

/s/ Brett A. Mearkle
Brett A. Mearkle

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>J.R. RUSHING<br><br>Debtor. | Case No.: 3-09-bk-02613-PMG<br><br>Chapter 11 |

**AFFIDAVIT OF BRETT A. MEARKLE IN SUPPORT OF DEBTOR'S APPLICATION FOR APPROVAL OF EMPLOYMENT OF MICKLER & MICKLER AS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF FLORIDA }
COUNTY OF DUVAL }

BEFORE ME, the Undersigned Authority, personally appeared Brett A. Mearkle, who after first being duly deposed and sworn, says:

1. I, Brett A. Mearkle, am an attorney-at-law duly licensed and in good standing to practice in the state of Florida and admitted and in good standing to practice before the United States Bankruptcy and District Courts for the Southern and Middle Districts of Florida and the United States Court of Appeals for the Eleventh Circuit.

2. I am a member of The Law Offices of Mickler & Mickler (the "Firm"). The Firm employs two other lawyers who will likely participate in this Chapter 11 case on behalf of the Debtor: Bryan K. Mickler, Esq. and Albert H. Mickler, Esq. (the "Attorneys").

3. The Firm maintains its offices at 5452 Arlington Expressway, Jacksonville, Florida 3221.

4. To the best of my knowledge, neither I nor any of the other Attorneys represent i) any interests adverse to the Debtor or the above captioned estate; ii) any of the Debtor's

1

creditors; iii) any other attorneys, accountants, or representatives who have represented the Debtor's creditors or any other parties in interest, or any other attorneys, accountants, or representatives currently representing the Debtor.

5. Neither I nor the Attorneys have any connection with the Office of the United States Trustee or those employed by the Office of the United States Trustee other than professional dealings with respect to Chapter 11 and Chapter 7 cases and related adversaries currently pending before the Court and as typical in bankruptcy practice.

6. I am a disinterested person. To the best of my knowledge, Bryan K. Mickler and Albert H. Mickler are disinterested persons as well.

7. The Debtor seeks to retain me and the Firm to represent the Debtor as general counsel in this Chapter 11 case. The agreed minimum fee for the Firm's representation, subject to Court approval, is $15,000.00 (the "Retainer"). The Debtor has paid the Firm $13,961.00, and the Firm tendered $1,039.00 from the $15,000.00 amount paid for the filing fee required to commence this Chapter 11 case. The Debtor has agreed to pay all costs, including copying and telephone charges, unless litigation arises and fees and costs are actually recovered from another party. The Retainer was intended by the Debtor and the Firm to be earned-on-receipt and handled in accordance with the Court's decision in *In re Craig*, 265 B.R. 624 (Bankr. M.D. Fla. 2001).

8. My and Messrs. Mickler's and Mickler's hourly rate for attorney services is $300.00 per hour, which will be billed by tenths of an hour, and will likely increase on January 1, 2009. The Firm's paralegal time will be billed at $100.00 per hour, which will likely also increase on January 1, 2009. The Firm will file a fee application pursuant to Local Bankruptcy

rules and other applicable law as required for approval of fees and costs to be paid as compensation for services rendered in this Chapter 11 case.

FURTHER AFFIANT SAYTH NOT



Brett A. Mearkle

Sworn and subscribed before me
This 5th day of April, 2009.

Notary Public, State of Florida
My Commission Expires:

CAROLYNN F. MICKLER
MY COMMISSION # DD731487
EXPIRES: January 01, 2012
1-800-3-NOTARY    Fl. Notary Discount Assoc. Co.

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:    J. R. RUSHING,    CASE NO.:

Debtor-in-Possession.
_____/

## APPLICATION TO EMPLOY ATTORNEY

TO: The Honorable, Bankruptcy Judge

Upon this Application, the above captioned Debtor respectfully represent:

1. On, the applicant filed its petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. Applicant wishes to employ Bryan K. Mickler of the Law Offices of Mickler & Mickler as an attorney duly qualified to practice in this Court.

3. Applicant has selected this attorney for the reason that he has had experience in matters of this character, and applicant believes this attorney to be well-qualified to represent it in this proceeding.

4. The professional services which this attorney is to render includes general representation of the applicant in this proceeding and the performance of all legal services for the applicant which may be necessary herein.

5. Applicant wishes to employ this attorney because of the extensive legal services which applicant anticipates will be required.

6. To the best of the applicant's knowledge, this attorney has no interest adverse to the applicant or the estate in any of the matters upon which the attorney is to be engaged and the employment of the Law Offices of Mickler & Mickler would be in the best interest of this estate.

WHEREFORE, applicant prays that it be authorized to employ Bryan K. Mickler of the Law Offices of Mickler & Mickler as the attorney for the debtor in this case and that said attorney be awarded compensation as is fit and proper upon further application to this Court from the property of this estate and as a part of any plan eventually to be ~~submitted for confirmation~~.

_____
J. R. RUSHING
~~Debtor~~-in-Possession